# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
**No. 14-465V**
**(Not to be Published)**

* * * * * * * * * * * * * * * * * * * * * * * * *
DANETTE COLAGRECO,

Petitioner,

v.

SECRETARY OF HEALTH AND HUMAN SERVICES,

Respondent.
* * * * * * * * * * * * * * * * * * * * * * * * *

Filed: July 29, 2016

Decision by Proffer; Damages; Influenza ("Flu") Vaccine; Shoulder Injury Related to Vaccine Administration ("SIRVA").

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Traci R. Patton*, U.S. Dep't of Justice, Washington, DC, for Respondent.

**DECISION AWARDING DAMAGES[1]**

On June 2, 2014, Danette Colagreco filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that she suffered a right shoulder injury as a result of receiving the influenza ("flu") vaccination on October 14, 2013.

Thereafter, on October 31, 2104, Respondent filed her Rule 4(c) report indicating that medical personnel of the Division of Injury Compensation Programs ("DICP"), Department of

---

[1] Because this decision contains a reasoned explanation for my actions in this case, I will post it on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Health and Human Services concluded that Petitioners alleged injury is consistent with a shoulder injury related to vaccine administration ("SIRVA"). ECF No. 10 at 4. Respondent also concluded that the statutory six month sequela requirement has been satisfied. *Id.* Accordingly, Respondent indicated that based on her review of the record Petitioner satisfied all legal prerequisites for compensation under the Act. *Id.* I subsequently issued an entitlement decision on that same day. ECF No. 11.

On July 29, 2016, Respondent filed a proffer proposing an award of compensation. ECF No. 35. I have reviewed the file, and based upon that review I conclude that the Respondent's proffer (as attached hereto) is reasonable. I therefore adopt it as my decision in awarding damages on the terms set forth therein.

The proffer awards:

- A lump sum payment of $1,233,543.29, representing compensation for pain and suffering ($181,142.09), and past and future lost earnings ($1,052,401.20), in the form of a check payable to Petitioner.

Proffer at II. These amounts represent compensation for all elements of compensation under 42 U.S.C. § 300aa-15(a) to which Petitioner is entitled.

I approve a Vaccine Program award in the requested amount set forth above to be made to Petitioner. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by each filing (either jointly or separately) a notice renouncing their right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

**OFFICE OF SPECIAL MASTERS**

| | | |
|---|---|---|
| DANETTE COLAGRECO, | ) | |
| | ) | |
| Petitioner, | ) | |
| v. | ) | No. 14-465V |
| | ) | Special Master Corcoran |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) | ECF |
| | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

**RESPONDENT'S PROFFER ON AWARD OF COMPENSATION**

**I. Items of Compensation**

A. Future Medical Care Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for projected unreimbursable medical care expenses incurred from the date of judgment as provided under 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

B. Lost Earnings

The parties agree that based upon the evidence of record, Danette Colagreco has suffered past and future loss of earnings as a result of her vaccine-related injury. Therefore, respondent proffers that the Court should award Danette Colagreco a lump sum of $1,052,401.20 for lost earnings as provided under 42 U.S.C. § 300aa-15(a)(3)(A).

C. Pain and Suffering

Respondent proffers that the Court should award Danette Colagreco a lump sum of $181,142.09 for her actual and projected pain and suffering. This amount reflects that the award for projected pain and suffering has been reduced to net present value. See 42 U.S.C. § 300aa-15(a)(4). Petitioner agrees.

D. Past Unreimbursable Expenses

Respondent proffers that based on the evidence of record, petitioner is not entitled to an award for past unreimbursable expenses as provided under 42 U.S.C. § 300aa-15(a)(1)(A). Petitioner agrees.

## II. Form of the Award

The parties recommend that compensation provided to petitioner should be made through a lump sum payment of $1,233,543.29, representing compensation for pain and suffering ($181,142.09) and past and future lost earnings ($1,052,401.20) in the form of a check payable to petitioner.[1]

Respectfully submitted,

BENJAMIN C. MIZER
Deputy Assistant Attorney General

RUPA BHATTACHARYYA
Director
Torts Branch, Civil Division

CATHARINE E. REEVES
Acting Deputy Director
Torts Branch, Civil Division

GLENN A. MACLEOD
Senior Trial Counsel
Torts Branch, Civil Division

[1] Should petitioner die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief. In particular, respondent would oppose any award for future lost earnings and and future pain and suffering.

*s/ Traci R. Patton*
TRACI R. PATTON
Senior Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C. 20044-0146
Telephone: (202) 353-1589

Dated: July 29, 2016