# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 14-465V
(Not to be Published)

* * * * * * * * * * * * * * * * * * * * * * * * * * *
|  |  |  |
|---|---|---|
| DANETTE COLAGRECO, | * | Special Master Corcoran |
|  | * |  |
| Petitioner, | * | Filed: September 26, 2016 |
|  | * |  |
| v. | * | Attorney's Fees and Costs; |
|  | * | Influenza ("Flu") Vaccine; |
|  | * | Shoulder Injury Related to Vaccine |
| SECRETARY OF HEALTH AND | * | Administration ("SIRVA"). |
| HUMAN SERVICES, | * |  |
|  | * |  |
| Respondent. | * |  |
|  | * |  |

* * * * * * * * * * * * * * * * * * * * * * * * * * *

*Paul R. Brazil*, Muller Brazil, LLP, Dresher, PA, for Petitioner.

*Traci R. Patton*, U. S. Dep't of Justice, Washington, DC, for Respondent.

### DECISION AWARDING ATTORNEY'S FEES AND COSTS[1]

On June 2, 2014, Danette Colagreco filed a petition seeking compensation under the National Vaccine Injury Compensation Program.[2] ECF No. 1. Petitioner alleged that she suffered a right shoulder injury as a result of receiving the influenza ("flu") vaccination on October 14, 2013.

Thereafter, on October 31, 2014, Respondent filed her Rule 4(c) Report indicating that medical personnel of the Division of Injury Compensation Programs ("DICP"), Department of

---

[1] Because this decision contains a reasoned explanation for my action in this case, I will post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the posted decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole decision will be available to the public. *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended, 42 U.S.C.A. § 300aa-10 to § 300aa-34 (2012).

Health and Human Services determined that Petitioner's alleged injury was consistent with a shoulder injury related to vaccine administration ("SIRVA"). ECF No. 10 at 4. Accordingly, Respondent concluded, based on her review of the record, that Petitioner had satisfied all legal prerequisites for compensation under the Act. *Id.* I subsequently issued an entitlement decision on that same day. ECF No. 11. After damages negotiations that became somewhat protracted, Respondent filed a proffer proposing a compensation award of $1,233,543.29 on July 29, 2016 (ECF No. 35), which I then adopted as my decision awarding damages. ECF No. 36.

On August 18, 2016, Petitioner filed a Motion requesting an award of attorney's fees in the amount of $43,206.50, for work performed by her counsel from Muller Brazil LLP, plus costs in the amount of $4,132.55. ECF No. 39 ("Fees App."). In accordance with General Order No. 9, Petitioner's counsel also represented that Petitioner did not advance any of her own funds in this proceeding. *Id.* at 2.

Respondent filed a document reacting to Petitioner's fees request on September 2, 2016. ECF No. 41. Respondent asserts that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for Respondent in the resolution of a request by a Petitioner for an award of attorney's fees and costs." *Id.* at 1. Respondent added that she "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. However, she maintained that a reasonable amount for fees and costs in the present case would fall between $33,000.00 and $37,500.00, providing citations to settled cases involving similar SIRVA injuries. *Id.* at 3.

On September 7, 2016, Petitioner filed a reply. ECF No. 43. Petitioner argued that Respondent's estimation was inaccurate and failed to specifically identify any deficiencies or billing issues in the fees request itself. *Id.* at 2-3. Petitioner also differentiated this matter from the cited cases, noting that it was more complex than the average SIRVA case, as the parties negotiated the wage loss and pain and suffering components for over one year. *Id.* Petitioner also supplemented her original fees application and asked that the award be increased by $275.00 to reflect work done to prepare the reply. *Id.* at 4.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). An attorney's reasonable hourly rate is determined by the "forum rule," which bases the award on rates paid to similarly qualified attorneys in the forum in which the relevant court sits (Washington, DC, for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). The hourly rate ranges for attorneys of different levels of experience who are entitled to the forum rate in Vaccine Program cases are set forth in *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests $255 per hour for Mr. Brazil's work on the case from 2013-2016, with an increase to $275 per hour for work beginning in May 2016. Fees App. at 1, 36. Petitioner also requests rates of $125 per hour for work done by two paralegals. Fees App. at 1. I have reviewed the billing records submitted with Petitioner's initial request, and based on my discretion and Vaccine Program experience, find no cause to reduce the requested rates.

First, the requested hourly rates are reasonable. Muller Brazil's office is located in Dresher, Pennsylvania, which is near Philadelphia, Pennsylvania. Philadelphia attorneys have been awarded forum rates in the past for their work in the Vaccine Program. *See Rodd v. Sec'y of Health & Human Servs.*, No. 13-122V, 2016 WL 2727147, at *2 (Fed. Cl. Spec. Mstr. Apr. 13, 2016) (awarding a Philadelphia attorney with less than four years of legal experience the relevant *McCulloch* rate range, for an hourly rate of $225 per hour); *B.K. v. Sec'y of Health & Human Servs.*, No. 14-505V, 2016 WL 1594008, at *1 (Fed. Cl. Spec. Mstr. Mar. 28, 2016) (awarding the *McCulloch* rate of $275 per hour to a Philadelphia attorney with four to seven years' experience). Therefore, it is appropriate to apply the *McCulloch* forum rate ranges to the work performed by Mr. Brazil and his paralegals.

Mr. Brazil has five and one-half years' experience according to Petitioner's fees request. Fees App. at 2. The forum rate range for an attorney with four to seven years' experience is $225 to $300 per hour. *McCulloch*, 2015 WL 5634323, at *19. Mr. Brazil's requested rates of $255 per hour for work performed from 2013 to May 2016, with an increase to $275 per hour for work done thereafter, are within the applicable range and will therefore be awarded. The requested paralegal rates ($125 per hour) are also consistent with *McCulloch* rates. *Id.* at *21.

Second, the total hours expended were also reasonable. The time it took to resolve the case was mainly the product of the parties' drawn-out damages discussions. But fees and costs associated with settlement are properly reimbursable. *Thomas v. Sec'y of Health & Human Servs.*, No. 92-46V, 1997 WL 74664, at *7 (Fed. Cl. Spec. Mstr. Feb. 3, 1997) (rejecting Respondent's assertion that the fees and costs should necessarily be lower when a case settles without hearing).

In addition, Respondent's "range" arguments, while generally rational, are not persuasive under the circumstances of this case. I agree with Petitioner's objection that Respondent failed to explain how the cases referenced as supporting the proposed range relate to this case. Though other cases might have general similarities, each case in the Vaccine Program presents unique factual circumstances that involve different medical histories or additional difficulties that require extra work to resolve. This present matter persisted for almost two years after Respondent conceded entitlement in October of 2014, due to the Petitioner's changing health status and complicated medical and wage loss issues. The two cited cases do not appear to have involved a similarly

complex procedural history, as both involved decisions on damages issued pursuant to a proffer within one year of the entitlement decision, and without extensive back-and-forth. *See, e.g.*, *Abdulla v. Sec'y of Health & Human Servs.*, No. 13-853V, 2015 WL 9920826 (Fed. Cl. Spec. Mstr. Dec. 23, 2015); *Jenney v. Sec'y of Health & Human Servs.*, No. 14-338V, 2015 WL 7068205 (Fed. Cl. Spec. Mstr. Oct. 23, 2015).[3]

Petitioner's request for an additional fee of $275.00 for preparation of the reply is also reasonable, since it was prompted by Respondent's reasoned objections, and is not an excessive sum to request for preparation of such a document.

As noted above, Petitioner additionally requests an award of litigation costs for counsel of $4,132.55. ECF No. 39. Respondent has offered no specific objections to these costs, and upon review of the record I find that they are reasonable.

Accordingly, based on the reasonableness of Petitioner's request, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$47,614.05** as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel Mr. Paul Brazil, Esq., representing $43,481.50 in attorney's fees and $4,132.55 in costs.

The clerk of the Court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Special Master

---

[3] Additionally, both of the referenced cases resulted in a reduction of requested fees due only to duplicative work done by attorneys in the Homer Firm, which has different practices from Muller Brazil. They otherwise do not aid my decision because Respondent has not identified, and I do not find, that any of the billed entries in this matter were duplicative or overbilled.

[4] Pursuant to Vaccine Rule 11(a), entry of judgment may be expedited by the parties' joint filing of notice renouncing the right to seek review.